UNITED STATES DISTRICT COURT
MIDDLE DISTRICT
ORLANDO DIVISION

CASE NO.: 6:05-CV-530-ORL-28 KRS

ANA BROWN,

    Plaintiff,

vs.

COMAIR, INC.,

    Defendant.
_____/

**AGREED ORDER GRANTING DEFENDANT'S RENEWED UNOPPOSED**
**MOTION FOR HIPAA QUALIFIED PROTECTIVE ORDER**

THIS CAUSE having come to be heard on Defendant, COMAIR, L.L.C.'S, Renewed Unopposed Motion for HIPAA Qualified Protective Order, and the parties having agreed hereto, and the Court being otherwise advised, it is upon consideration:

ORDERED AND ADJUDGED that said Motion is GRANTED. In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), specifically 45 C.F.R. §164.512 (e)(1)(ii)(B) & (v), the Court hereby institutes a HIPAA Qualified Protective Order for Plaintiff, ANA BROWN, as that term is defined in the HIPAA regulations and requires that all parties to this lawsuit comply with the following:

    (1)    all parties are prohibited from using or disclosing protected health information ("PHI") for any purpose other than the litigation of the above-styled lawsuit; and

    (2)    all parties are required to return to the disclosing entity or destroy the PHI (including

CASE NO.: 6:05-CV-530-ORL-28 KRS
Page 2

all copies made) at the conclusion of the litigation of the above-styled lawsuit, including any appeals and subject to applicable record retention requirements.

This Protective Order applies to all PHI whether arising in interrogatories, requests for production, requests for copies, expert communications, communications with providers of litigation and copying services, depositions, judicial proceedings, or business associate agreements. HIPAA business associate agreements affected by this Order shall be deemed satisfied by compliance with this Order.

The parties and their counsel agree that the HIPAA Qualified Protective Order does not include the release of PHI pertaining to HIV/AIDS.

Nothing in this Order shall in any way effect the provisions of Florida law regarding the methods, manners, and protections applicable to obtaining a party's medical records in the first place.

DONE and ORDERED in Chambers in Orlando County, Florida this 26 day of June, 2005.

HONORABLE JOHN ANTOON, II

Copies to:

Heather M. MacKendree, Esq.
Frank D. Butler, Esq.